**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2851-18T2

RAMIL ROBINSON,
a/k/a TAVION SMITH,
LANELL MADISON,
RAMEL ROBINSON,
RAMEAL ROBINSON,
RAMEAL ROGERSON,
and MIL,

      Appellant,

v.

NEW JERSEY
DEPARTMENT
OF CORRECTIONS,

      Respondent.

_____

        Submitted November 9, 2020 – Decided December 15, 2020

        Before Judges Hoffman and Suter.

        On appeal from the New Jersey Department of Corrections.

        Ramil Robinson, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Chanell Branch, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Ramil Robinson is an inmate in a New Jersey State Prison. He appeals a January 18, 2019 decision of respondent New Jersey Department of Corrections (Department) upholding the decision of a hearing officer to impose disciplinary sanctions for committing prohibited act *.011, possession or exhibition of anything related to a security threat group (STG) in violation of N.J.A.C. 10A:4-4.1(a). We affirm.

On January 14, 2019, a non-routine search of appellant's cell yielded a notebook located behind his television and a folder on his shelf that included typed letters with references, symbols and logos of the "Five Percent Nation." This is a group the Department identifies as a STG.[1]

Appellant was charged with prohibited act *.011. N.J.A.C. 10A:4-4.1(a)(2)(ii). He pleaded guilty. His statement concerning the charge was that

_____

[1] A security threat group "means a group of inmates possessing common characteristics, interests and goals which serve to distinguish the group or group members from other inmate groups or other inmates and which, as a discrete entity, poses a threat to the safety of the staff, other inmates, the community or causes damage to or destruction of property, or interrupts the safe, secure and orderly operation of the correctional facilit(ies)." N.J.A.C. 10A:3-11.2.

the materials were about his religion and that a religion was not a STG. He declined to have counsel substitute provide assistance at the disciplinary hearing.

A disciplinary hearing was conducted. Appellant's statement there was that the materials were his, but that he did not teach disobedience. An investigator in the Department's Special Investigation Division (SID) determined the materials were related to the Five Percent Nation. Appellant did not call witnesses or request to cross-examine any adverse witnesses.

On January 16, 2019, the hearing officer determined appellant was guilty of prohibited act *.011, finding the materials that were confiscated related to the Five Percent Nation and were "identified as being STG material." This was "[b]ased on the professional identification of the STG and [appellant] taking responsibility for the written/printed material . . . ." The hearing officer found appellant was jeopardizing the safety of the institution by not following the rules and regulations.

Appellant was sanctioned to 100 days of administrative segregation, twenty days' loss of recreation privileges and ten days' loss of phone privileges. He filed an administrative appeal arguing that the "sanctions imposed be rescinded based on his [c]onstitutional right to religious freedom."

On January 18, 2019, the Associate Administrator upheld the decision of the hearing officer and the sanction because "[t]he material found in [appellant's] possession was identified as belonging to a security threat group. There are well established rules that prohibit possession of this material." The decision upheld the charge and sanction, noting this was not appellant's first violation of this regulation.

On appeal, appellant raises two issues:

> POINT 1:
>
> PLAINTIFF WAS DENIED DUE PROCESS PROTECTIONS THROUGH INEFFECTIVE ASSISTANCE OF COUNSEL DURING A PRISON DISCIPLINARY HEARING WHEN HIS ASSIGNED COUNSEL SUBSTITITE DID NOT RAISE RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT OF 2000 (RLUIPA) IN HIS DEFENSE.
>
> POINT 2:
>
> THE RESPONDENT DEPARTMENT OF CORRECTION'S COURTLINE ADJUDUCATION ERRED WHEN IT FAILED TO TAKE THE RLUIPA INTO ACCOUNT.

In this appeal from agency action, our review is limited. Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010). We ordinarily decline to reverse the decision of an administrative agency unless it is "arbitrary,

A-2851-18T2

capricious or unreasonable or it is not supported by substantial credible evidence in the record as a whole." In re Taylor, 158 N.J. 644, 657 (1999) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 581 (1980)). A finding that an inmate committed a disciplinary offense only has to be "supported by substantial evidence," Avant v. Clifford, 67 N.J. 496, 530 (1975), which means, "such evidence as a reasonable mind might accept as adequate to support a conclusion." Figueroa, 414 N.J. Super. at 192 (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)); see also N.J.A.C. 10A:4-9.15(a). When such evidence exists, a court may not substitute its own judgment for the agency's even though the court may have reached a different result. See Figueroa, 414 N.J. Super. at 191 (citing Circus Liquors, Inc. v. Middletown Twp., 199 N.J. 1, 10 (2009)). When reviewing a final determination of the Department in a prisoner disciplinary matter, we consider whether there is substantial evidence the inmate has committed the prohibited act and whether, in making its decision, the Department followed the regulations adopted to afford inmates procedural due process. See McDonald v. Pinchak, 139 N.J. 188, 194-98 (1995).

Appellant's due process rights under Avant were satisfied. 67 N.J. at 525-33. Appellant was given notice of the charges and a hearing before an impartial tribunal. N.J.A.C. 10A:4-9.2. Because he was charged with an asterisk offense,

he was permitted to have the assistance of counsel substitute, although he declined the assistance of the paralegal and represented himself at the hearing. N.J.A.C. 10A:4-9.12.

Appellant claims his paralegal provided ineffective assistance by not raising an argument that confiscation of the materials violated the Religious Land Use and Institutionalized Persons Act (RLUIPA). 42 U.S.C. §2000cc. The hearing officer's report provided that appellant "did not wish to have a paralegal." He has no claim for ineffective assistance for his own self-representation.

That said, the Department's decision was not arbitrary, capricious or unreasonable and is supported by substantial evidence in the record. The Department has designated the Five Percent Nation as an STG based on its history of violence and gang-related activity within prisons. Fraise v. Terhune, 283 F.3d 506, 516-18 (3d Cir. 2002). There was evidence submitted by the SID investigator that the materials found in appellant's cell included symbols and reference to the Five Percent Nation, that the group is an STG and that an STG is a threat to the safety of the prison. Appellant was aware that possession of Five Percent Nation materials were prohibited because he previously received administrative discipline for a *.011 charge based on possession of Five Percent

Nation materials. Appellant admitted the materials found were his and were Five Percent Nation material. Appellant acknowledged in his brief on appeal that in March 1998, the Department determined the Five Percent Nation to be a STG. Thus, there was substantial credible evidence to support the finding that appellant violated *011.

Appellant argues the confiscated materials were religious in nature. He offered no proof of this. Appellant now argues that confiscation of these materials violated the RLUIPA. This was not raised before the Hearing Officer. We are not required to decide issues that were not raised. See State v. Galicia, 210 N.J. 364, 382 (2012) (stating that "[g]enerally, an appellate court will not consider issues . . . which were not raised below.").

We conclude that appellant's further arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2851-18T2